UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEST CHIROPRACTIC SERVICES LLC and KELLEY BEST, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:21-01275 |
| v. | : | (JUDGE MANNION) |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY AND STATE AUTO INSURANCE COMPANIES, | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is plaintiffs Best Chiropractic Services LLC and Kelley Best's, (together, the "Plaintiffs") motion for remand. (Doc. 8). For the following reasons, Plaintiffs' motion to remand will be **DENIED**.

### I.   BACKGROUND

By way of relevant background, on November 14, 2014, Plaintiffs along with defendants State Auto Property & Casualty Insurance Company and State Auto Insurance Companies[1] ("State Auto" and, together, the

---

[1]   In their Notice of Removal, Defendants aver that "State Auto Insurance Companies does not exist and is a trade name" and suggest that State Auto Property and Casualty Insurance Company is the proper defendant. (Doc. 1

"Defendants") entered into an insurance contract (the "Policy") wherein Defendants agreed to insure Plaintiff Best's business located in Luzerne County, Pennsylvania. (Doc. 1-2 at 9). On April 15, 2019, a storm damaged the property insured under the Policy. *Id*. Plaintiffs reported the damage to the Defendants. *Id*.

On February 18, 2020, about ten months after the damage occurred, Defendants inspected the property and confirmed the damage caused by the storm. *Id*. Defendants accepted liability for the damage to the siding and gutter estimated at an amount of $13,641.24. *Id*.

Plaintiffs subsequently retained their own inspector, Home Repair LLC, that estimated the cost to repair the storm damage to be $30,688.80. (Doc. 1-2 at 10). On April 13, 2020, Plaintiffs invoked the Policy's appraisal clause and sought to appoint an appraiser. *Id*. State Auto, by a letter dated June 24, 2020, rejected Plaintiffs' demand for appraisal based upon the conclusion that Plaintiff's claims were not direct physical losses and thus not covered under the Policy. *Id*.

---

at ¶5). The Plaintiffs' filings do not address whether State Auto Insurance Companies is a proper defendant.
   As none of the parties to this case has filed a motion to drop State Auto Insurance Companies as a party to this case, this court refrains from doing so at this juncture.

Plaintiffs filed this action in the Court of Common Pleas of Luzerne County on June 21, 2021. (Doc. 1-2 at 16). The complaint asserts claims for breach of contract (Count I) and a bad faith under 42 Pa.C.S.A. §8371 (Count II) against Defendants. (Doc. 1-2 at 11-15). On July 20, 2021, Defendants removed the case to this Court by filing a notice of removal. (Doc. 1). On February 17, 2022, Plaintiffs submitted a motion for remand and supporting brief. (Docs. 8, 9). Defendants timely filed a brief in opposition to the motion. (Doc. 11). Plaintiffs' motion for remand is now ripe for review.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. *See* 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. *Scanlin v. Utica First Ins. Co., 426 F.Supp.2d 243, 246 (M.D.Pa.2006)* (citing *Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990)*). "The party asserting jurisdiction bears the burden of showing the action is properly before the

federal court." *Id.* In considering a motion to remand, the statute governing removal, 28 U.S.C. §1441, must be strictly construed against removal." *Id.* (*citing* Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005) (citations omitted)). Moreover, ruling on the removal of any action is the prerogative of the federal courts. *Id.* (*citing* Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914)).

### III. DISCUSSION

A civil action may be properly removed from state court to the federal court if the district court has jurisdiction. 28 U.S.C. §1441(a). Federal district courts have original jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1). Presently, the Plaintiffs challenge federal jurisdiction based on the amount in controversy requirement.

In evaluating the amount in controversy for removal cases, courts look first to the complaint itself—that is, the complaint filed in state court. *Samuel-Bassett,* 357 F.3d at 398. In assessing the sufficiency of the amount in controversy for jurisdiction, courts first resolve factual disputes using the preponderance of evidence standard. *Schober v. Schober,* 761 Fed.Appx.

127, 129 (3d Cir. 2019). Where the complaint does not specifically limit the amount in controversy to less than the jurisdictional minimum, courts then apply the "legal certainty" test, adopted in Samuel-Bassett, 357 F.3d at 398 and St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Under this standard, the amount in controversy requirement is satisfied unless it appears to a legal certainty that the claim is for less than $75,000. Schober, 761 Fed.Appx. at 129 (citing Red Cab, 303 U.S. at 289). "Such a dismissal may be appropriate… where the court determines that no reasonable jury could award that amount." Id. (citations omitted). The estimation of the amount in controversy must be "realistic," "objective," and not based on "fanciful, 'pie-in-the-sky,' or simply wishful amounts." Samuel-Bassett, 357 F.3d at 403.

In the present case, the complaint demands $30,688.80 for breach of contract and an unspecified amount for attorney fees, cost of suit, and interest. (Doc. 1-2 at 15). Under Count I, Plaintiff's breach of contract claim, the complaint requests damages "in the amount of $30,699.80 plus interest, cost of suit, and attorney's fees." Id. at 11. Under Count II, Plaintiff's punitive damage claim, the complaint asserts that Defendants are "liable for statutory damages allowed by Pennsylvania Bad Faith Statute, including interest from the date the claim was made, in an amount equal to the prime rate of interest,

plus three (3%) percent; Court costs; counsel fees; punitive damages and such other relief as the Court may deem equitable and just." *Id*. at 15. Plaintiffs do not limit the amount in controversy to less than the federal jurisdictional minimum. *Id*. They also do not specify an amount of damages sought under the bad faith statute. *Id*.

As support for removal, Defendants rely upon Plaintiffs' request for punitive damages under 42 Pa.C.S. §8371. "Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) (*quoting Packard*, 994 F.2d 1039, 1046 (3d Cir. 1993)). In support of federal jurisdiction, Defendants cite to cases upholding federal jurisdiction where a request for an unspecified amount of punitive damages and similar compensatory damages amounts were at issue. *See, e.g., Karlowicz v. Am. States Ins. Co.*, 562020 U.S. Dist. LEXIS 173579 at *20-21 (M.D. Pa. Sept. 18, 2020); *Koerner v. GEICO Cas. Co.*, 2017 U.S. Dist. LEXIS 75856 at *8-10 (M.D. Pa. May 18, 2017). Defendants argue that, given the availability of punitive damages, attorneys' fees, and cost of suit under 42 Pa.C.S. §8371, it is not legally certain that Plaintiff's claim is for less than the jurisdictional amount.

The court finds sufficient basis for exercising jurisdiction over this action. The complaint alleges that Plaintiffs' insured property sustained damages on April 15, 2019. (Doc. 1-2 at 9). It further alleges that, "[d]efendant State Auto hired Trinity Engineering to inspect the storm damage, but the inspection did not occur until February 18, 2020, nearly a year after the damage." *Id*. In light of these allegations, punitive damages and attorneys' fees totaling an amount which permits Plaintiffs' claims to exceed $75,000 is reasonably possible. *Willow Inn, Inc. v. Public Serv. Mut. Ins. Co.,* 399 F.3d 224, 229 (3d Cir. 2005) (affirmed jury's award of punitive damages under §8371 where insurer did not appraise the damaged property until eight months after the insured's initial appraisal request); *Grossi v. Travelers Pers. Ins. Co.,* 79 A.3d 1141, 1160 (Pa. Super. Ct. 2013) (upholding punitive to compensatory damages ratio of 4:1 or 5:1); *Hollock v. Erie Ins. Exch.,* 842 A.2d 409, 422 (Pa. Super. Ct. 2004) (upholding punitive to compensatory damages ratio of 10:1); *Bonenberger v. Nationwide Mut. Ins. Co.,* 791 A.2d 378, 379-80, 384 (Pa. Super. Ct. 2002) (award of $89,160 in attorney's fees for a $79,250 judgment).

Accordingly, the court finds that it does not appear to a legal certainty that Plaintiffs' claim is for less than the jurisdictional minimum. Thus, the Plaintiff's motion to remand will be denied.

### IV.   CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to remand this case to state court, (Doc. 8), will be **DENIED**.

An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 8, 2022**
21-1275-01